FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS      APR 2 5 2005
EASTERN DIVISION
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

REID JACOBSEN,                     )
                                   )
          Plaintiff,               )     05 C 1011
                                   )
     v.                            )     Judge Mark R. Filip
                                   )
HUMANA INSURANCE COMPANY,          )
                                   )
          Defendant.               )

## NOTICE OF FILING

TO:   Georgia L. Joyce, Esq.
      Chittenden, Murday and Novotny, LLC
      303 West Madison Street
      Suite 1400
      Chicago, Illinois 60606

   PLEASE TAKE NOTICE that on April 25, 2005 there was filed with the Clerk of the United States District Court Plaintiff's First Amended Complaint at Law, a copy of which is attached hereto.

                                          _____
                                          Keith L. Young

Keith L. Young
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 807-4777

STATE OF ILLINOIS )
                       )SS.
COUNTY OF C O O K)

## CERTIFICATE OF SERVICE

    Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (Ill. Rev. Stat., Ch. 110, Sec. 1-109), the undersigned certifies that a copy of this Notice of Filing and First Amended Complaint at Law was served by mailing a true and correct copy to each person to whom the Notice is directed on April 25, 2005.

*Roberta McLaughlin*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 2 5 2005
APR 25 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| REID JACOBSON, <br>     Plaintiff, | ) <br> ) <br> ) |
| V. | )    05 C 1011 <br> )    Judge Mark R. Filip <br> ) |
| HUMANA INSURANCE COMPANY, <br>     Defendant | ) <br> ) |

### FIRST AMENDED COMPLAINT AT LAW

Now comes the plaintiff, Reid Jacobson, by his attorney, Keith L. Young, and complaining of the defendant, Humana Insurance Company, states as follows:

### COUNT I - BREACH OF CONTRACT

1. That at all times relevant hereto, the defendant, Humana Insurance Company, was an insurance company doing business in the State of Illinois and providing medical insurance to its policyholders.

2. That at all times relevant hereto, the defendant, Humana Insurance Company, provided medical insurance to the plaintiff, Reid Jacobson and his family through group number 5177567 and member number 348469879, which policy was in full force and effect.

3. That Joel Jacobson is the son of Reid Jacobson and is covered under the aforementioned medical insurance policy.

4. That Joel Jacobson is a minor, confined to a wheel chair, with a diagnosis of spastic quadraparesis, and who requires maximum assistance with bathing, dressing, transfers, and therapy.

5. That Joel Jacobson requires daily hydrotherapy and gait training at home as part of the

treatment for his spastic quadraparesis.

6. That it is necessary within the Jacobson home to have the use of a lifting system for safe caretaking of Joel, for access to his bath and therapy pool, and for use in gait training and other therapy.

7. That Joel Jacobson's treating spinal surgeon and physical therapist have prescribed a track type lift as a medical necessity and the only effective lifting system given his size and physical limitations.

8. That Humana's policy provided that Humana would pay for all equipment and services medically necessary to treat Joel Jacobson.

9. That a tract type lift is a medical necessity for Joel Jacobson.

10. That Reid Jacobson purchased a track type lift for Joel for $17,589.00 in accordance with the prescription of Joel's treating spinal surgeon and physical therapist.

11. That pursuant to the terms of the policy, Reid Jacobson submitted the invoice for the lift to Humana for reimbursement.

12. That Humana has refused to reimburse Reid Jacobson for the cost of the lift.

13. That Humana's refusal to reimburse is a breach of contract and has been vexatious and in bad faith.

Wherefore, the plaintiff, Reid Jacobson, demands damages from the defendant, Humana Insurance Company in the amount of $17,589.00, plus damages for bad faith and vexatious delay, plus costs and attorneys fees.

### COUNT II - ERISA

1. That at all times relevant hereto, the defendant, Humana Insurance Company, was an insurance company doing business in the State of Illinois and providing medical insurance to its

policyholders.

2. That at all times relevant hereto, the defendant, Humana Insurance Company, provided medical insurance to the plaintiff, Reid Jacobson and his family through group number 5177567 and member number 348469879, which policy was in full force and effect.

3. That the policy is governed by, inter alia, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et. seq.

4. That Joel Jacobson is the son of Reid Jacobson and is covered under the aforementioned medical insurance policy.

5. That Joel Jacobson is a minor, confined to a wheel chair, with a diagnosis of spastic quadraparesis, and who requires maximum assistance with bathing, dressing, transfers, and therapy.

6. That Joel Jacobson requires daily hydrotherapy and gait training at home as part of the treatment for his spastic quadraparesis.

7. That it is necessary within the Jacobson home to have the use of a lifting system for safe caretaking of Joel, for access to his bath and therapy pool, and for use in gait training and other therapy.

8. That Joel Jacobson's treating spinal surgeon and physical therapist have prescribed a track type lift as a medical necessity and the only effective lifting system given his size and physical limitations.

9. That Humana's policy provided that Humana would pay for all equipment and services medically necessary to treat Joel Jacobson.

10. That a tract type lift is a medical necessity for Joel Jacobson.

11. That Reid Jacobson purchased a track type lift for Joel for $17,589.00 in accordance

with the prescription of Joel's treating spinal surgeon and physical therapist.

12. That pursuant to the terms of the policy, Reid Jacobson submitted the invoice for the lift to Humana for reimbursement.

13. That Humana has refused to reimburse Reid Jacobson for the cost of the lift.

14. That pursuant to the terms of the policy, Reid Jacobson filed an appeal of Humana's denial of the claim for reimbursement of the cost of the track type lift.

15. That as part of the appeal, Reid Jacobson requested guidelines, criteria, and clinical rationale used by Humana in denying the claim. Humana never provided the requested materials.

16. That Humana denied the appeal and has continued to refuse to reimburse Reid Jacobson for the cost of the tract type lift.

17. That Humana's denial of benefits and denial of the appeal was arbitrary and capricious and an abuse of discretion.

18. That Humana's denial of benefits and denial of the appeal is a breach of the contract of insurance.

19. That Humana's denial of benefits and denial of the appeal is a violation of the provisions of ERISA.

20. That this action is brought pursuant to ERISA Sec. 502(a), 29 U.S.C. Sec. 1132 to recover benefits due to Reid Jacobson under the terms of the policy.

21. That the Plaintiff seeks attorneys fees and costs pursuant to ERISA Sec. 502(g). 29 U.S.C. 1132(g).

Wherefore, the plaintiff, Reid Jacobson, demands damages from the defendant, Humana Insurance Company in the amount of $17,589.00, plus costs and attorneys fees.

*Keith L. Young*

Keith L. Young

333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 807 - 4777