IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REID JACOBSON, | ) |
| | ) Case No. 05 C 1011 |
| Plaintiff, | ) |
| | ) Judge Mark Filip |
| v. | ) |
| | ) |
| HUMANA INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reid Jacobson ("Plaintiff" or "Jacobson") initiated a state court case against Defendant Humana Insurance Company ("Defendant" or "Humana"), alleging breach of contract, bad faith, and vexatious delay. On Defendant's motion, the case was removed to this Court on the ground that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempted these state law allegations.[1] Thereafter, Plaintiff filed his First Amended Complaint at Law (the "Complaint"), which asserts a common law breach of contract claim ("Count I") and an ERISA claim ("Count II"). (D.E. 13.)[2] This matter comes before the Court on Defendant's Motion to Dismiss Count I of the Complaint (the "Motion to Dismiss"). (D.E.

---

[1] Shortly after the case was removed, Defendant filed a motion to dismiss Plaintiff's complaint, which sought relief under state law only. On April 6, 2005, the Court gave Plaintiff to and including April 20, 2005, to re-plead a claim under ERISA, and, therefore, denied Defendant's motion to dismiss as moot without prejudice. Plaintiff thereafter filed the First Amended Complaint (D.E. 13), which advances (Count I) a state law contract claim concerning denial of health insurance benefits and (Count II) an ERISA claim for denial of health insurance benefits.

[2] The various docket entries in this case are cited as "D.E. __."

18.) For the reasons explained below, Defendant's Motion to Dismiss is granted. Accordingly, Count I (but not Count II, the ERISA claim) is dismissed.

## I. Factual Background[3]

According to the Complaint, Humana provided medical insurance to Jacobson and his family, including his minor son, Joel Jacobson, pursuant to a group insurance policy (the "Insurance Policy"). (D.E. 13, Count I ¶¶ 2-3.) The Insurance Policy is governed by ERISA (*Id.*, Count II ¶ 3.)

Joel is confined to a wheelchair, with a diagnosis of spastic quadraparesis, and he requires assistance with bathing, dressing, and therapy. (*Id.*, Count I ¶ 4.) As part of the treatment for his condition, Joel requires daily hydrotherapy and gait training at the Jacobsons' home. (*Id.*, Count I ¶ 5.) The Complaint alleges that a certain track-type lifting system is medically necessary for safe caretaking of Joel, for access to his bath and therapy pool, and for use in gait training and other therapy. (*Id.*, Count I ¶¶ 6-7.)

Under the Insurance Policy, Humana is required to pay for all equipment and services medically necessary to treat Joel. (*Id.*, Count I ¶¶ 8-9.) Jacobson allegedly purchased a track type lifting system for $17,589.00 and submitted the invoice to Humana for reimbursement. (*Id.*, Count I ¶¶ 10-11.) According to the Complaint, Humana has not reimbursed Jacobson for the cost of the lift. (*Id.*, Count I ¶ 12.)

Jacobson appealed Humana's denial of the claim. (*Id.*, Count II ¶ 14.) As part of the appeal, Jacobson requested guidelines, criteria and the clinical rationale employed by Humana in

---

[3] The following facts are taken from the Complaint. The Court accepts the allegations as true, as precedent instructs, for present purposes. The Court takes no position on whether any of the allegations are actually well-founded.

2

denying the claim, but Humana never provided Jacobson the requested materials. (*Id.*, Count II ¶ 15.) Humana ultimately denied Jacobson's appeal. (*Id.*, Count II ¶ 16.)

Count I of the Complaint asserts that Humana's refusal to reimburse Jacobson's claim for the cost of the lifting system constitutes a breach of contract and was vexatious and done in bad faith. (*Id.*, Count I ¶ 13.) Humana moved to dismiss Count I on the ground that Count I's state law claims are preempted by ERISA. Thus, according to Defendant, Count I fails to assert a claim upon which relief can be granted. (D.E. 18.)

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations generously and view the allegations in the light most favorable to plaintiffs. *See, e.g., Singer v. Pierce & Assoc., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal for failure to state a claim is appropriate where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. Discussion

Supreme Court precedent teaches that Congress envisioned that ERISA would "reserv[e] to Federal authority the sole power to regulate the field of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) ("*Pilot Life*"). In order to effectuate that policy,

3

ERISA contains preemption provisions which are "deliberately expansive" and designed to "establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 423 (1981). Specifically, Section 1144(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Congress included a savings provision, however, which excepts from preemption any state law regulating, *inter alia*, insurance. *See* 29 U.S.C. § 1144(b)(2)(A). For the reasons discussed below, the Court finds Count I is completely preempted by ERISA.

### A. Preemption Analysis

The determination of whether a state law is preempted under Section 1144(a) requires a two-step analysis: (i) there must be an employee welfare benefit plan, and (ii) the state law must "relate to" the employee benefit plan. *See Pilot Life*, 481 U.S. at 45. In the case *sub judice*, the parties do not dispute that the Insurance Policy is an "employee welfare benefit plan." In fact, the Complaint indicates that the Insurance Policy is governed by ERISA. (D.E. 13, Count II ¶ 3.) Accordingly, the Court concludes that the Insurance Policy is an employee welfare benefit plan for purposes of Section 1144(a).

The second prong of Section 1144(a) requires the state law to "relate to" the employee benefit plan. The Supreme Court has instructed that the phrase "relate to" should be given a "broad common-sense meaning." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). Accordingly, a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). The character of the action is the "controlling factor of the analysis: 'It is not

4

the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.'" *Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 799 (N.D. Ill. 2001) (quoting *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401 (6th Cir. 1995)). For purposes of the "relate to "analysis, the Court separates Count I into two distinct claims: (i) breach of contract and (ii) bad faith and vexatious delay.

With respect to the common law breach of contract claim, Plaintiff alleges that "Humana's refusal to reimburse" pursuant to the Insurance Policy is a breach of contract. (D.E. 13, Count I ¶ 13.) In other words, Plaintiff is seeking benefits under the Insurance Policy, albeit through a common law breach of contract claim. Because the existence of the Insurance Policy is not only an important factor, but also the linchpin, in establishing liability with respect to the breach of contract claim, the Court's inquiry would include reviewing the policy. Accordingly, this claim "relate[s] to" an ERISA plan. *See Pilot Life*, 481 U.S. at 43-46 (holding that common law tortious breach of contract claim was preempted by ERISA because the claim was based on alleged improper processing of a claim for benefits under an employee benefits plan); *see also Ingersoll-Rand, Co. v. McClendon*, 498 U.S. 133, 139-40 (1990) (holding that court must enforce Section 1144(a) when its "inquiry must be directed to the plan").

With respect to the claims for bad faith and vexatious delay, and related prayer for relief seeking to recover damages and attorney's fees, Plaintiff avoided in the Complaint identifying that he is seeking relief under the Illinois Insurance Code, 215 ILCS 5/155. In his response to the Motion to Dismiss, however, Plaintiff conceded that these claims are, in fact, remedies provided under Section 155 of the Illinois Insurance Code. (D.E. 21 at 1.) In this regard, Section 155

expressly provides that "[i]n any action by or against a company . . . for an unreasonable delay in settling a claim [where] it appears to the court that such action or delay is vexatious and unreasonable," the Court may award attorney's fees and statutory damages. 215 ILCS 5/155(1).

Plaintiff's concession is important because, as the court noted in *Dwyer v. Unum Life Insurance Company of America*, "every court in the Northern District of Illinois that has addressed the issue has found that Section 155 of the Insurance Code 'relate[s] to' an ERISA plan." No. 03 C 1118, 2003 WL 22844234, *4 (N.D. Ill. Dec. 1, 2003) (citing *Dobner v. Heath Care Serv. Corp.*, No. 01 C 7968, 2002 WL 1348910, at *4 (N.D. Ill. June 19, 2002)); *accord Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 799 (2001); *Gawrysh v. CNA Ins. Cos.*, 978 F. Supp. 790, 793 (N.D. Ill. 1997); *Lutheran Gen. Hosp., Inc. v. Mass. Mut. Life Ins. Co.*, No. 95 C 2504, 1996 WL 124449, at *3 (N.D. Ill. Mar.12, 1996); *Goodhart v. Benefit T. Life Ins. Co.*, No. 90 C 5110, 1990 WL 205821, at *3 (N.D. Ill. Nov.29, 1990); *Buehler Ltd. v. Home Life Ins. Co.*, 722 F. Supp. 1554, 1560-61 (N.D. Ill. 1989)). In this case, Count I specifically seeks damages associated with Defendant's alleged denial of a claim under the Insurance Policy. *See Dwyer*, 2003 WL 22844342, at *4. Accordingly, like the breach of contract claim, there is no doubt that Plaintiff's Section 155 claim "relate[s] to" an employee benefit plan. For these reasons, the Court finds that Count I is preempted unless it falls within ERISA's savings clause.[4]

---

[4] To the extent Plaintiff's claims regarding bad faith and vexatious delay are common law claims, rather than statutory claims under Section 155 of the Illinois Insurance Code, the result is the same; the Court finds that such claims, like Plaintiff's breach of claim, "relate to" the Insurance Policy and thus are preempted by ERISA. *Pilot Life*, 481 U.S. at 50.

## B. Savings Clause Analysis

As noted above, ERISA provides that a state law is not preempted if it regulates insurance. *See* 29 U.S.C. § 1144(b)(2); *see also DeBruyne v. Equitable Life Assurance Soc.*, 920 F.2d 457, 468 (7th Cir. 1990). Supreme Court precedent teaches that two considerations determine whether ERISA's insurance savings clause applies to a state law. First, courts determine whether a "common sense view" suggests that the law at issue regulates insurance and therefore falls within the Savings Clause. *Pilot Life*, 481 U.S. at 47-48; *accord, e.g., Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341 (2003). Second, courts generally consider the "business of insurance" test from the McCarran-Ferguson Act, 15 U.S.C. § 1011 *et seq. Id.* The "business of insurance" test consists of three factors: (1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *See id.* at 48-49 (citations and quotations omitted).

Recently, the United States Supreme Court deviated from the McCarran-Ferguson Act factors in determining when a state law regulates insurance. *See Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 338 (2003). In doing so, the Court clarified that, to be protected by the insurance savings clause, the state law must be directed specifically toward entities engaged in insurance, and the state law must substantially affect the risk pooling arrangement between the insurer and insured. *See id.*

With respect to Plaintiff's breach of contract claim, it is past dispute that state common law claims for breach of contract are unprotected by ERISA's insurance savings provision. *See,*

7

*e.g., Tomcyzk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 773 (7th Cir. 1991); *Maciosek v. Blue Cross & Blue Shield United of Wis.*, 930 F.2d 536, 540 (7th Cir. 1991). Breach of contract law does not regulate insurance within the meaning of the ERISA's savings provision. *Tomcyzk*, 951 F.2d at 773. *Id.*

With respect to Plaintiff's claim under Section 155 of the Illinois Insurance Code, although the Seventh Circuit has not addressed this issue, several courts in this district have rejected the argument that claims brought under Section 155 of the Illinois Insurance Code are protected by ERISA's insurance savings clause. *See, e.g., Dwyer*, 2003 WL 22844234, at *5 (citing *Casey*, 2002 WL 31356453, at *3-5; *Dobner*, 2002 WL 1348910, at *4; *Cencula*, 174 F. Supp. 2d at 799-800; *Gawrysh*, 978 F. Supp. at 793; and *Lutheran Gen. Hosp.*, 1996 WL 124449, at *4); *see also Dwyer*, 2003 WL 22844234, at *5 ("Section 155 does not regulate the substantive content of insurance policies, but merely regulates the procedural aspects of claims processing by providing certain remedies in the event of vexatious insurance practices") (citation and quotations omitted). In *Lutheran General*, for example, the court concluded that, because Section 155 does not regulate the content of insurance policies, it does not affect the transfer or spread of a policyholder's risk and is not an integral part of the policy relationship between the insurer and the insured. 1996 WL 124449, at *4. Plaintiff offers no basis or argument to deviate from the *Lutheran General* analysis, whether under the guidance of the McCarran-Ferguson factors or the modified considerations as explained by the Supreme Court in *Kentucky Association of Health Plans, Inc.*

What is more, it is well-settled that ERISA's comprehensive provisions are meant to be the exclusive provisions for civil enforcement of rights under ERISA. *See Pilot Life*, 481 U.S. at

51-54; *see also* 29 U.S.C. § 1132(a). Allowing Plaintiff to assert a claim under Section 155 of the Illinois Insurance Code would almost certainly undermine ERISA's explicit enforcement procedures. *See, e.g., Cencula*, 174 F. Supp. 2d at 800; *Gawrysh*, 978 F. Supp. at 794. Indeed, ERISA provides an extensive list of remedies for a party alleging the claims that Plaintiff brings here, including empowering plan participants to bring civil actions to recover benefits owed under an employee benefit plan. *See* 29 U.S.C. § 1132(a)(1)(B); *see also Pilot Life*, 481 U.S. at 53 (1987) ("The six carefully integrated civil enforcement provisions found in [Section 1132(a)] . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."). Section 155 of the Illinois Insurance Code allows for remedies specifically rejected in ERISA. *See Buehler*, 722 F. Supp. at 1564 ("Section 155 allows a plaintiff to recover a substantial statutory penalty much akin to punitive damages and completely at odds with ERISA's implicit prohibition on punitive damages recoveries."). Accordingly, the Court concludes that Plaintiff's claim under Section 155 of the Illinois Insurance Code does not fall under ERISA's insurance savings clause.[5]

Finally, Plaintiff's reliance on *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002), is unavailing. In *Rush Prudential HMO*, the Supreme Court decided whether the Illinois HMO Act, which requires an HMO to provide a medical service "[i]n the event that [a] reviewing physician determines the covered service to be medically necessary," was preempted by ERISA. In reaching its conclusion, the Court affirmed the Section 1132(a) preemption

---

[5] Even if the bad faith and vexatious delay claims constitute common law claims, rather than statutory claims under Section 155 of the Illinois Insurance Code, the Court finds that these claims are not saved from preemption. *Pilot Life*, 481 U.S. at 50. Indeed, not even Plaintiff contends that such claims are specifically directed at or limited to the insurance industry. *Accord Tomcyzk*, 951 F.2d at 773.

analysis discussed above. 536 U.S. at 373-74. In *Rush Prudential HMO*, the issue before the Court was whether the remedies available in the Illinois HMO Act conflicted with the explicit ERISA remedies listed in Section 1132(a). The Court concluded that the state regulatory scheme at work in the Illinois HMO Act did not provide a "new cause of action under state law and authorize[d] no new form of ultimate relief," and it did not "enlarge the claim beyond the benefits available in any action brought under § 1132(a)." *Id.* at 379-80. What the Court did not do in *Rush Prudential HMO* was overturn or modify the precedent ruling on ERISA's preemption regime described above. Unlike the "medically necessary" provision of the Illinois HMO Act, which the Court held was not preempted because it was consistent with the civil remedies of ERISA, as described above, Section 155 undoubtedly would expand, and thus undermine, Congress's carefully crafted civil enforcement scheme in Section 1132(a). *See, e.g., Buehler*, 722 F. Supp. at 1562.[6]

---

[6] Plaintiff's reliance on *Nat'l Centers for Facial Paralysis, Inc. v. Wal-Mart Claims Administrator Group Health Plan*, 247 F. Supp. 2d 755, 758 (D. Md. 2003), also is misplaced. In that case, the issue was whether a third party health care provider could bring claims for negligent misrepresentation and promissory estoppel against an employee benefits provider. *Id.* Here, in contrast, Jacobson is the employee beneficiary, not a third party health care provider, with respect to the Insurance Policy. Jacobson also does not bring negligent misrepresentation or promissory estoppel claims. And finally, it likely bears mention that, if estoppel analysis were relevant here, the analysis in *Nat'l Centers* is in substantial tension with Seventh Circuit precedent. *See Vallone v. CNA Financial Corp.*, 375 F.3d 623, 639 (7th Cir. 2004) ("[W]e have emphasized the narrow scope of estoppel claims and have noted that only extreme circumstances justify such claims.") (collecting cases; internal quotations omitted).

10

## IV. Conclusion

For all of these reasons, Defendant's Motion to Dismiss Count I is granted without prejudice.

So ordered.

*Mark Filip*
Mark Filip
United States District Judge
Northern District of Illinois

Date: 6-6-05